The **AMERICAN TOBACCO COMPANY**, Plaintiff,

v.

The **TRANSPORT CORPORATION**, now known as Epes Transport System, Incorporated, Defendant and Third-Party Plaintiff,

v.

**UNITED STATES LINES, INCORPORATED**, a New York Corporation, Southern Stevedoring Corporation, Fred P. Gaskell Company, Incorporated, Norfolk Terminal Corporation and Old Dominion Freight Line, Third-Party Defendants.

Civ. A. No. 5360.

United States District Court
E. D. Virginia,
Richmond Division.

Dec. 15, 1967.

Robert H. Patterson, Jr., Richmond, Va., for plaintiff.

Frank B. Miller, III, Richmond, Va., for defendant and third-party plaintiff.

Braden Vandeventer, Norfolk, Va., for United States Lines, Inc.

R. M. Hughes, III, Norfolk, Va., for Southern Stevedoring Corp.

Edward W. Wolcott, Norfolk, Va., for Norfolk Terminal Corp. and Fred P. Gaskell Co., Inc.

Robert A. Cox, Jr., Richmond, Va., for Old Dominion Freight Line.

## MEMORANDUM OF THE COURT

MERHIGE, District Judge.

The plaintiff in this action instituted suit on July 28, 1967, in the Law and Equity Court of the City of Richmond, against the present defendant and third party plaintiff, The Transport Corporation, now known as Epes Transport System, Incorporated, hereinafter referred to as Transport, alleging negligence on the part of Transport in the shipping and handling of certain equipment, to-wit: ten cases of machinery, shipped from West Germany on the vessel known as "American Merchant" owned by the third party defendant United States Lines, hereinafter referred to as U. S. Lines, who delivered the said machinery to Norfolk, Virginia, and unloaded from the "American Merchant" by the third party defendant, Southern Stevedoring Corporation, on July 17, 1966; that the processing of the machinery through customs was handled by the third party defendant, Fred P. Gaskell Company, Incorporated, who at no time had physical custody of the machinery but who, as per directions of the plaintiff, American, caused the machinery to be transported and delivered by the third party defendant, Old Dominion Freight Line, who in turn transported the machinery from the pier to Richmond, Virginia; and subsequent thereto, Transport transported the said machinery to American's plant at Reedsville, North Carolina.

Transport, by appropriate petition, removed the suit pending in the Law and Equity Court to this Court, and thereafter filed its Answer to the suit as well as a third party complaint against the U. S. Lines, Southern Stevedoring, Gaskell, Norfolk Terminal Corporation and Old Dominion Freight Line. In its third party complaint, Transport alleges "that the sole, proximate cause of the damages sustained by the plaintiff was negligence in the handling and transportation by the third party defendants, jointly and severally, of the machinery in question, without any negligence on the part of the defendant and third party plaintiff." Transport, in its prayer in said third party complaint, moves "if it be found liable to the plaintiff in this matter, to enter judgment in its favor against the third party defendants, jointly and severally, for exoneration on account of damages sustained by the plaintiff by reason of the negligence of the third party defendants, jointly and severally, * * *."

Thereafter, Southern Stevedoring filed its Answer and Motion to Dismiss alleging as its grounds for said motion that the third party complaint failed to state a cause of action against it.

Norfolk Terminal Corporation filed its Answer, along with an affidavit which showed that the said Norfolk Terminal Corporation had not commenced business until subsequent to the negligence alleged in both the original suit and the third party complaint. All counsel agreed that Norfolk Terminal Corporation should be dismissed as a third party defendant, and it is so ordered.

Gaskell Company filed its Answer to Transport's allegations, as well as a motion for summary judgment. On Decem-

ber 12, 1967, in open court, Transport moved to dismiss the third party defendant, Gaskell, which motion was granted and the said third party defendant, Fred P. Gaskell Company, Incorporated, stands dismissed.

United States Lines filed its Answer to Transport's complaint, alleging, amongst other things, that Transport's claim is "time-barred" by the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1303(6); and filed in addition thereto its motion to dismiss on the same grounds.

Old Dominion filed its Answer, admitting certain allegations of the third party complaint but denying any liability to any party on account of the matter set forth in the complaint and third party complaint, and in addition alleged a release from the original plaintiff, American. Old Dominion, in open court on December 12, 1967, moved to be dismissed on the additional grounds that no cause of action was stated against it in the third party complaint, which motion was granted and the said Old Dominion stands dismissed.

The Court set all motions for hearing on December 12, 1967, and found from the evidence adduced at said hearing and from the pleadings all of the factual matters heretofore and hereafter set out in this memorandum.

There was introduced on behalf of U. S. Lines a short form bill of lading dated June 26, 1966, showing that the goods allegedly damaged were consigned to the order of the American Tobacco Company; that the shipper was one Ernst Schmidt, Jr.; that the port of loading was Hamburg, Germany, and the port of discharge "where goods are to be delivered to consignee or on—carrier Newport News." The testimony showed that the cargo was, in fact, discharged by U. S. Lines from its ship, American Merchant, at Norfolk, Virginia; that U. S. Lines received a cargo receipt from Southern Stevedoring Corporation acknowledging receipt of the ten cases of machinery on July 17, 1966. It is apparent from the bill of lading and from the testimony adduced at the hearing on December 12, 1967, that the responsibility of the defendant, U. S. Lines,

ceased upon delivery of the goods at the pier at Norfolk, Virginia, on July 17, 1966. The aforementioned bill of lading was given subject to the provisions of the Carriage of Goods by Sea Act, as well as to the terms contained in the United States Lines' regular long form bill of lading, a copy of which was introduced as Exhibit 3, and specifically states that the responsibility of the U. S. Lines terminates upon delivery at the port of discharge—in this instance, Norfolk, Virginia; and, in addition, incorporates all the provisions of the Carriage of Goods by Sea Act including the carrier's rights, immunities, etc.

The evidence adduced at the hearing on December 12, 1967, conclusively shows that if the Carriage of Goods by Sea Act is applicable as between the third party plaintiff and the United States Lines, then the United States Lines is entitled to dismissal by virtue of the provisions of that Act, 46 U.S.C.A. § 1303(6), which provides in essence that "the carrier shall be discharged from all liability in respect to loss or damage unless suit is brought within one year after delivery of the goods."

There can be little argument but that the American Tobacco Company is unquestionably barred under the provisions of the aforementioned Act, since they have failed to institute any suit against the United States Lines within one year from July 17, 1966.

It is perhaps apropos to state that the Court finds that no exceptions were taken to the cargo condition at the time the goods were turned over to the first intrastate carrier, i. e. Old Dominion, nor were any exceptions taken to the condition of the cargo when delivered at the port of Norfolk by the United States Lines. The first notice United States Lines had of any alleged damage to the cargo came by virtue of a letter dated August 1, 1966, from American Tobacco Company to the United States Lines wherein American Tobacco claimed that the machinery contained in the cases was severely damaged and they, the American Tobacco Company, intended to file claim against the

United States Lines for the alleged loss. The plaintiff, however, failed to file any such claim, but instead chose to file its claim by way of a motion for judgment against the instant third party plaintiff.

▆ Transport argues that it is liable to the plaintiff only upon a showing by the plaintiff that it, Transport, was negligent, and if held liable asks for exoneration against the third party defendants. Exoneration has been defined as the right to be reimbursed by reason of having paid that which another should be compelled to pay. Uptagrafft v. United States, 4 Cir., 315 F.2d 200 (1963). This right is generally based upon contract, expressed or implied. Transport in its third party complaint does not allege any contract, either expressed or implied, with any of the third party defendants.

▆ As the Court stated from the bench, there is no theory upon which indemnity or exoneration could be allowed the third party plaintiff in the instant case. Transport has asserted in argument that what it seeks is contribution from alleged joint tort feasors, and under those circumstances we must look to the State law, Smith v. Whitemore, 3 Cir., 270 F.2d 741, for Transport has no right under Rule 14(a), Federal Rules of Civil Procedure, to bring in third party defendants unless they are or may be liable to it for all or part of plaintiff's claim against Transport; Rule 14 does not establish a right of reimbursement, indemnity or contribution. Moore's Federal Practice, Volume 3, Section 14.03, p. 409.

▆ Contribution amongst joint tort feasors in Virginia is controlled by § 8–627, Code of Virginia, 1950, 1957 Repl.Vol. The aforementioned code section gives a right of contribution only where the party damaged has a right of action against two or more parties for the same indivisible damage. In short, if the damaged party has a cause of action against only one of the parties responsible for the damage, that one cannot enforce contribution from the other. See, Norfolk Southern R. R. Co. v. Gretakis, 162 Va. 597, 174 S.E. 841. It follows, therefore, that the right to recovery by Transport against any of the third party defendants is contingent on the right of the original plaintiff, to-wit: American Tobacco Co., to recover from any such defendant. Drumgoole v. Virginia Elec. & Power Co., D.C., 170 F.Supp. 824.

▆ As the Court has already pointed out, by reason of the Carriage of Goods by Sea Act, the United States Lines has been discharged from all liability to American Tobacco. Transport cites as its inducement to the Court not to so hold, the case of Lyons-Magnus, Inc. v. American Hawaiian S. S. Co., 41 F.Supp. 575 (S.D.N.Y.1941). The Court thinks there is a distinction between the instant case and the *Lyons* case. For one thing, the provisions of 46 U.S.C.A. § 1303(6) were incorporated in the bills of lading issued by the United States Lines. See Universal American Corp. v. S. S. Hoegh Drake, D.C., 264 F.Supp. 747 (1966). Adopting the rationale of the *Lyons* case, to-wit: that the Act was designed to regulate the rights and liabilities between carriers and cargo interests, then there can be no doubt that this would apply to the rights and liabilities as between United States Lines and American. The Court therefore finds that since U. S. Lines is relieved of any liability to American by virtue of the foregoing Act, it follows that even under the theory of contribution, under Virginia law Transport would be barred from asserting any claim against United States Lines.

▆ As to the other third party defendants, it is obvious that the term "joint tort feasors" means two or more persons jointly or severally liable in tort for the same injury to person or property, and under the allegations of the third party complaint, and accepting them to be true, it is apparent that any negligence of any of the third party defendants was separate and distinct from any negligence of Transport. American could not recover from Transport except for the damage to its machinery that was brought about by any negligence of Transport.

If American has any claims against the other third party defendants, they are for specific and separate acts of negligence and for specific and separate damages.

By reason of the foregoing, all of the third party defendants stand dismissed.