**Ruby W. LAWS (also known as Ruby W. Carter), Plaintiff,**

**v.**

**Milton F. SPAIN and Continental Can Company, Inc., a New York Corporation, Defendants.**

**Civ. A. No. 233–69–R.**

United States District Court, E. D. Virginia, Richmond Division.

Feb. 24, 1970.

---

James B. Martin, Gloucester, Va., H. Armistead Boyd, Richmond, Va., for plaintiff.

Lewis H. Hall, Jr., Newport News, Va., J. E. Pointer, Jr., Gloucester, Va., for defendants.

## OPINION AND ORDER

KELLAM, District Judge.

Plaintiff in this diversity action seeks contribution from defendants pursuant to the provisions of Section 8–627 of the Code of Virginia, 1950, as amended, as joint tortfeasors, as a result of the following facts:

On July 17, 1965, in Gloucester County, Virginia, an automobile operated by Ruby W. Laws (Laws), in which Henry C. White was riding as a passenger, was in collision with an automobile operated by Milton F. Spain (Spain), the alleged agent of Continental Can Company (Continental). White instituted suit in the Circuit Court of Gloucester County against Laws and Spain, alleging the accident was caused by the gross negligence[1] of Laws and the ordinary negligence of Spain. Before trial, Laws made settlement of the claim for $18,000.00, but Spain refused to contribute. Laws here asserts she is entitled to contribution from Continental and Spain for the amount of said settlement, together with $3,591.52 for attorneys' fees and costs incurred, for a total of $21,591.52. Of this sum plaintiff says Spain and Continental each owe one-third, or $7,197.17 each,[2] but that if it be found the loss should not be borne equally by the three, in any event, defendants jointly owe one-half, or $10,795.76.

Defendants move the Court to (a) dismiss for lack of jurisdiction, or in any event, (b) transfer the action from the Richmond Division to the Newport News Division for trial.

Defendants assert that in no event could plaintiff have contribution for more than one-half of the $18,000.00 paid in settlement of the claim, namely, $9,000.00. They say plaintiff is not entitled to recover any costs or attorneys' fees incurred in defending the suit instituted by White because they were also defendants to the same action and incurred a similar amount in defending against said claim; that in said suit they were ready to establish that they were free from any negligence which contributed to White's injuries; and that even if they were joint tortfeasors, the maximum sum which could be recovered would be $9,000.00, which is less than the statutory jurisdictional amount.[3]

---

1. Pursuant to Section 8–646.1 of the Code of Virginia, 1950, as amended, a passenger must establish gross negligence or willful and wanton disregard of the safety of a person in order to recover from the host.

2. If plaintiff is correct in this contention, namely, that each party owes one-third of the total settlement and costs, clearly there is no jurisdiction to maintain this suit. The allegation is that each defendant owes one-third of the total settlement separately, rather than owing the sum jointly. By no stretch of the imagination could the defendants—principal and agent—be liable for two-thirds of the claim, except separately, and that appears to be a new twist in the law to say the principal is liable for the agent's negligent act, separate and apart from the agent. Separate claims against defendants cannot be joined together to aggregate the juris-

dictional amount. This allegation, if accepted, destroys jurisdiction. Sydner v. Harris, 394 U.S. 332, 335, 89 S.Ct. 1053, 22 L.Ed.2d 319; United Bonding Insurance Co. v. Parke, 293 F.Supp. 1350 (E.D.Mo.1968); Moore Fed.Practice 1964 Ed. ¶ 0.97(2); Barron & Holtzoff, § 24 at Note 56 (Wright Ed.), and cases there collected. For jurisdiction the defendants must be jointly and severally liable for the total sum—or at least separately liable for the required jurisdictional amount. American Tobacco Co. v. Transport Corp., 277 F.Supp. 457 (E.D.Va.1967).

3. Title 28 § 1332(a) grants jurisdiction to the District Court "where the matter in controversy exceeds the sum or value of $10,000.00, exclusive of interest and costs" and is between citizens of different states.

The Virginia statute says there is a right of contribution among wrongdoers "when the wrong is a mere act of negligence." It does not say whether sums incurred for costs and attorneys' fees may or may not be recovered. Nor does there appear to be any case decided by the Supreme Court of Appeals of Virginia determining this question.

■ The right is purely statutory in Virginia. It is "founded on principles of equity and natural justice." Hudgins v. Jones, 205 Va. 495, 501, 138 S.E.2d 16, 21. The liability for negligence— that is, the wrong caused by the negligence. The Virginia statute permits recovery for the act of negligence. The right given by statute arises "when, and only when, one tort-feasor has paid a claim for which they are both liable." Nationwide Mutual Insurance Co. v. Jewel Tea Co., Inc., 202 Va. 527, 532, 118 S.E.2d 646, 649; Bartlett v. Roberts Recapping, Inc., 207 Va. 789, 153 S.E.2d 193. The statute gives a right of contribution only where the person injured [here, Henry C. White] has a right of action against two persons for the same indivisible injury. If the injured party has a cause of action against only one of the parties responsible for the injury, that one cannot enforce contribution. Norfolk Southern Railroad Co. v. Gretakis, 162 Va. 597, 174 S.E. 841; American Tobacco Co. v. Transport Corporation, 277 F.Supp. 457 (E.D.Va.1967); Drumgoole v. Virginia Electric & Power Co., 170 F.Supp. 824 (E.D.Va.); Moretz v. General Electric Co., 170 F.Supp. 698 (W.D.Va.). The statute does not create any greater liability than existed before its enactment. Norfolk Southern Railroad Co. v. Gretakis, supra. Joint tortfeasor means "two or more persons jointly or severally liable in tort for the same injury to person or property." American Tobacco Co. v. Transport Corp., supra [277 F.Supp. 457, 461]. It is the injury to the original plaintiff we are concerned with, not an injury suffered by a joint tortfeasor. Degrees of negligence are not to be considered as between wrongdoers.

■ The right to contribution arises when one joint tortfeasor has paid a claim for which the other joint tortfeasor is also liable. The right to maintain the action for contribution need not be founded upon a judgment determining the issues of negligence. It may be based upon a compromise settlement, rather than a judgment. But, the right to contribution arises only when one tortfeasor has paid or settled a claim for which the other wrongdoer is liable. Bartlett v. Roberts Recapping, supra; Nationwide Mutual v. Jewel Tea, supra; North River Insurance Co. v. Davis, 274 F.Supp. 146 (W.D.Va.).

■ In diversity actions, the determination of the amount in controversy presents a federal question to be decided by federal standards. State law is relevant to determine the nature and extent of the rights the plaintiff seeks to enforce. Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890. The general rule, stated in the Horton case is to "decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith;'" and in deciding the "good faith" issue, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." In Horton the Court retained jurisdiction, although the allegation of the complaint was said to be that the party "will claim the sum" in excess of the jurisdictional requirement. See also St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845; Batts Restaurant, Inc. v. Commercial Ins. Co., 406 F.2d 118 (7th Cir. 1969); Deutsch v. Hewes Street Realty Corp., 359 F.2d 96, 99 (2d Cir. 1966); Joseph E. Bennett Co., Inc. v. Trio Industries, Inc., 306 F.2d 546 (1st Cir. 1962); Johns-Manville Sales

Corp. v. Mitchell Enterprises, 417 F.2d 129 (5th Cir. 1969).

■ The fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim, will not justify a dismissal. St. Paul Indemnity Co. v. Red Cab Co., supra. In the *Johns-Manville* case, supra, the Court says "the plaintiff's claim is controlling."

This is not an action where the plaintiff seeks to recover a contractual or asserted sum, together with an allowance of an attorney's fee thereon and costs. Here the sum asserted to have been expended on attorneys' fees and costs is a part of the principal claim. Plaintiff says the right to contribution carries with it the right to contribution for sums expended in investigating, defending and compromising said claim; that sums expended for such purpose are a part of the claim sought to be asserted. Here, the costs and attorneys' fees are an essential ingredient of the principal claim, rather than a mere accessory demand. See Wright on Federal Courts, Chapter 5, ¶ 35, page 101.

■ The claim here asserted is in excess of the jurisdictional amount and the Court has jurisdiction. The motion to decline will be denied.

■ The right to contribution is founded upon the alleged negligence of defendants. The acts of alleged negligence occurred in Gloucester County, Virginia; the plaintiff lives there, as does the police officer who investigated the accident. Gloucester County is within the Newport News Division of this Court. Other parties asserted to be witnesses reside in the Newport News Division, including a civil engineer who prepared a map of the highway and surrounding area where the accident occurred. For the convenience of the parties and witnesses, and in the interest of justice, this action is ordered transferred to the Newport News Division for trial. Title 28, U.S.C.A. § 1404.