Charles LEE, Plaintiff-Appellant,

v.

Yamashita Shinnihon KISEN,
Defendant-Appellee,

J. P. FLORIO & CO., INC., Third Party
Defendant-Appellee.

No. 71-1094.

United States Court of Appeals,
Fifth Circuit.

April 2, 1973.

Frank S. Bruno, New Orleans, La., for plaintiff-appellant.

James G. Burke, Jr., Thomas W. Thorne, Jr., B. Ralph Bailey, New Orleans, La., for J. P. Florio & Co., Inc.

Before JOHN R. BROWN, Chief Judge, and MOORE * and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This appeal raises the question of whether the district judge properly transferred the case to the admiralty docket because the plaintiff failed to establish the requisite jurisdictional amount for a civil action, in which he would have been entitled to a jury. Holding that this is not one of those rare cases where it appears to a legal certainty that the claim is for less than the jurisdictional $10,000, we reverse and remand for a jury trial.

The action arises out of injuries suffered by the longshoreman plaintiff, Charles Lee, when he was loading cargo on a vessel. Plaintiff's position is that the injury occurred because of the faulty and negligently placed dunnage flooring on the vessel. A 600-pound drum which Lee was moving fell into an aperture between layers of dunnage and onto a piece of dunnage that broke, causing the drum to smash the ring finger of his right hand.

Filed as a diversity suit under general maritime law, the complaint alleged negligence of the shipowner and unseaworthiness of the vessel and demanded a jury trial. At the conclusion of plaintiff's case, the Court granted defendant's motion for directed verdict on the negligence claim and submitted the unseaworthiness claim to the jury. When the jury deadlocked, the trial judge dismissed it, ruled that the plaintiff had failed to prove the jurisdictional amount requisite to civil jurisdiction, and transferred the cause to the admiralty docket. The Court rendered judgment for defendant on the merits, and plaintiff appealed. From the commencement of the lawsuit, the defendants had been urging the Court either to dismiss the cause for lack of jurisdiction or transfer it to the admiralty docket, and the trial judge frequently expressed doubt that the plaintiff could satisfy the jurisdictional requirements.

The action of a longshoreman for personal injury occurring on a vessel in navigable waters can be brought on the civil side of the federal District Court when there is diversity of citizenship, the requisite jurisdictional amount of the claim, and personal jurisdiction of the defendants, all present in this case. 28 U.S.C.A. §§ 1331, 1332; see M. Norris, Maritime Personal Injuries § 82. Plaintiff has the burden of proving to the Court that the damages sought

* Hon. Leonard P. Moore, Senior Circuit Judge of the Second Circuit, sitting by designation.

meet the jurisdictional requirement. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). But to justify dismissal by the Court, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount. St. Paul Mercury Indemn. Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see* Opelika Nursing Home, Inc. v. Richardson, 5 Cir., 448 F.2d 658 (1971).

For this reason, the trial judge, considering the jurisdictional amount claim on three separate occasions, each time deferred ruling on the question until the end of the trial. The Court's basis for ultimately finding plaintiff's jurisdictional claim was insufficient was that, even assuming that proposed, additional surgery were necessary, Lee had shown only nine weeks and two days of lost wages (approximately $1,850), minimal medical expenses, and residual disabilities which the Court thought suspect. In the Court's view, the balance of the damages sought on the plaintiff's claim for pain and suffering could not bring the amount to the $10,000 level. The possibility of residual disability is the key to our decision.

After medical treatment, plaintiff returned to work, during his union's strike, as a carpenter and then to his regular employment. Lee testified that his hand hurt every time he struck or strained his fingers and that this condition had continued for the two-year period prior to trial. Defendant endeavored to impeach plaintiff with subsequent contradictory testimony and with undisputed evidence that Lee had sought no medical care from the time of his discharge from immediate treatment in January, 1969, until shortly before the trial in July, 1970.

The employer's doctor, who had treated Lee after the accident, testified that, although the bone chip had not united, the injury had healed routinely and the nonunited fracture would not cause any difficulty. Upon Lee's complaints of pain, however, the doctor suggested minor surgery. Shortly before trial, plaintiff was examined by an orthopedic surgeon, who also found the fracture not to have united, but who did not recommend further surgery because of the possible discomfort from scar tissue which would be created by removal of the bone fragments. The surgeon did not testify, however, and his report was merely proffered in evidence.

■ Although discretion is vested in the trial court to determine whether the claim meets the jurisdictional amount, Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939), the standard— whether expressed in terms of good faith or legal certainty—clearly favors those parties seeking to invoke the jurisdiction of the federal court. *See* Opelika Nursing Home, Inc. v. Richardson, *supra*.

■ It does not appear to this Court that plaintiff's jurisdictional claim was made in bad faith or that, if his evidence is taken as true and viewed most favorably to him, it can be said to a legal certainty that a reasonable jury could not have found the pain and suffering inherent in plaintiff's claimed residual disability to be in an amount sufficient to invoke federal civil jurisdiction. We cannot agree, consequently, with the trial court's dismissal of this civil action for lack of jurisdictional amount.

■ We affirm the trial court's granting a directed verdict on the negligence claim. On remand, consequently, only the issue of unseaworthiness remains for consideration. It is unnecessary for us to consider the other points of plaintiff's appeal which relate to alleged trial errors.

Reversed and remanded.