Richard OSBAHR, Plaintiff,

v.

H & M CONSTRUCTION, INC., et al., Defendants.

No. C 75–4022.

United States District Court,
N. D. Iowa, W. D.

June 30, 1975.

Hutchison & Hurst by Robert J. Hurst, Sioux City, Iowa, for plaintiff.

David J. Blair, Sioux City, Iowa, for H & M Construction, Inc.; Carter & Blair, Sioux City, Iowa, of counsel.

David E. Vohs, Sioux City, Iowa, for defendant, Allan Shook d/b/a Homeland Realty.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on the resisted motions to dismiss filed by defendant Allan Shook on May 20, 1975, and by defendant H & M Construction, Inc. on June 3, 1975.

In this diversity action, plaintiff seeks to recover damages from defendant H & M Construction, Inc. (hereafter H & M) for breach of a house construction contract. Plaintiff also prays recovery of damages from defendant Shook for an alleged overpayment on the purchase price for the lot which was to be the homesite.

Defendant H & M moves to dismiss for lack of subject matter jurisdiction on two grounds. The first objection, that plaintiff has not averred the principal place of business of H & M to establish diverse citizenship under 28 U.S.C. § 1332(c), has been rectified by plaintiff's amendment to the complaint filed June 10, 1975.

Defendant H & M's second ground for dismissal, lack of jurisdictional amount in controversy, is also without merit. Plaintiff has enumerated in the complaint ten categories of expenses totalling $12,222.61 allegedly incurred as a result of defendant's breach.

H & M asserts that extra appliances costing $1,025.44 and additional supplies and labor in the amount of $1,723.93 furnished over and above the specifications in the contract cannot be included in the damages compiled by plaintiff. These are matters to be determined on the merits, and the allegations of plaintiff's complaint must be taken as made in good faith unless it appears to a legal certainty that plaintiff cannot recover the amount claimed. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; *Lee v. Kisen,* 475 F.2d 1251 (5th Cir. 1973); *Fireman's Fund Ins. Co. v. Railway Express Agency,* 253 F.2d 780 (6th Cir. 1958).

Similarly, H & M's assertion that the sum of $3,996.33 must be subtracted from plaintiff's claim because it represents a mechanic's lien owned by H & M, but which has not been foreclosed, is not well taken. The sum due on this lien, which has been recorded, is in controversy here, and the fact that defendant may have a valid defense or set-off, if proven, does not justify dismissal. *Laws v. Spain,* 312 F.Supp. 315 (E.D.Va.1970).

The motion to dismiss filed by defendant Shook appears well taken. Plaintiff's claim against Shook seeks to recover $500.00 allegedly overpaid on the purchase price of a lot located in North Sioux City, South Dakota.

If a single plaintiff asserts claims against more than one defendant, and each defendant's liability is several on the respective claims, the general rule has been that jurisdiction attaches only to those claims which individually involve matters exceeding the jurisdictional amount. *Motorists Mutual Ins. Co. v. Simpson,* 404 F.2d 511 (7th Cir. 1968), *cert. denied,* 394 U.S. 988, 89 S.Ct. 1470, 22 L.Ed.2d 763; *Jewell v. Grain Dealers Mutual Ins. Co.,* 290 F.2d 11 (5th Cir. 1961); *Laws v. Spain, supra; Rallo v. Northwestern Nat. Ins. Co.,* 238 F.Supp. 228 (E.D.Mo.1965); 1 *Moore's Federal Practice* ¶ 0.97[2].

However, a number and perhaps a majority of the federal circuits have extended the doctrine of pendent jurisdiction to encompass the joinder not only of claims but of additional parties, thus creating the category of "pendent parties." *E.g., Leather's Best, Inc. v. S. S. Mormaclynx,* 451 F.2d 800 (2nd Cir. 1971); *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809 (8th Cir. 1969); *Stone v. Stone,* 405 F.2d 94 (4th Cir. 1968). *See* Comment, *Pendent Jurisdiction and Minimal Diversity,* 59 Iowa L.Rev. 179 (1973). With specific relevance to this case, pendent jurisdiction has been exerted over a claim against a party for less than $10,000 if diversity exists and a claim against another diverse party exceeds $10,000. *F. C. Stiles Contracting Co. v. Home Insurance Co.,* 431 F.2d 917 (6th Cir. 1970); *Hatridge, supra; Stone, supra.*

The continuing validity of the reasoning in these latter cases has been undermined by the Supreme Court's decision in *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), which held that multiple plaintiffs in a class action must each satisfy the jurisdictional amount requirement. 414 U.S. at 294, 94 S.Ct. 505. As the dissent in that case indicates, ancillary or pendent jurisdiction over the claims for less than $10,000 was argued to but not accepted by the majority. 414 U.S. at 302–312, 94 S.Ct. 505. This court is inclined to agree with the view that pendent jurisdiction may no longer be extended over additional parties against whom a separate claim falls short of the requisite jurisdictional amount. *See United Pacific/Reliance Ins. Co. v. City of Lewiston,* 372 F.Supp. 700 (D.Idaho 1974); 13 C. Wright, A. Miller and E. Cooper, *Federal Practice and Procedure* § 3523 at 69 and § 3567 at 457–462. *Contra, Uniroyal, Inc. v. Heller,* 65 F.R.D. 83 (S.D.N.Y.1974).

The court further has doubts whether the claim asserted against defendant Shook here meets the criteria for establishing power to exercise pendent jurisdiction. While in a broad sense it derives from a common nucleus of operative facts with the claim against H & M as being part of the house transaction, in a narrower view the facts concerning the breach of the house construction contract are not related to the arrangement for purchasing the lot on which the house was built. *See United Mineworkers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). It is also questionable whether a plaintiff would ordinarily be expected to try a breach of construction contract claim together with a claim for refund of overpayment to a broker in the same action. *See Gibbs, supra* 383 U.S. at 725, 86 S.Ct. 1130.

Finally, even were pendent jurisdiction legally permissible on the facts here, the court finds the exercise of its discretion, considering the factors enumerated in *Gibbs, supra* 383 U.S. at 726–

727, 86 S.Ct. 1130, would warrant dismissing this claim. In particular, this claim is completely determined by state law with no federal policies involved, and appears to involve no overlap of proof with the other claim.

It is therefore

Ordered

1. Defendant H & M's motion to dismiss denied.

2. Defendant Shook's motion to dismiss granted.