## CIRCUIT COURT OF THE CITY OF RICHMOND

City of Virginia Beach

     v.

Commonwealth of Virginia
and Nationwide Mut. Ins. Co.

April 13, 1990

Case No. LR-1991-1

By JUDGE MELVIN R. HUGHES, JR.

This case, argued in January, 1990, on a demurrer, is an action brought by the City of Virginia Beach (Virginia Beach) seeking contribution or indemnification against the Commonwealth of Virginia (Commonwealth) and Nationwide Mutual Insurance Company (Nationwide). To decide the outcome, the Court must take as true the facts well pleaded in the Motion for Judgment and reasonable inferences from them. *Bowman v. State Bank of Keysville*, 229 Va. 534, 536 (1985).

### I. *Facts*

On April 14, 1987, Paul A. Sciortino (Sciortino), Commonwealth's Attorney of Virginia Beach, was en route to Richmond operating an automobile owned by Virginia Beach. Sciortino negligently collided with an automobile operated by John Deloache (Deloache) causing Deloache to incur serious and permanent injuries.

After the accident, Sciortino stated in writing that he was on his way to attend a meeting of the Virginia Association of Commonwealth's Attorneys. Because of the statement, Virginia Beach as its own insurer entered into

a settlement agreement with Deloache and paid him $965,000.00 on the basis that Sciortino was a permissive user of its vehicle. Later, Virginia Beach learned Sciortino was en route to attend a meeting of the Commonwealth's Attorneys' Services and Training Council, a state agency. *See* § 2.1-64.28:1 et seq., Code of Virginia of 1950, as amended. Having learned this, Virginia Beach then filed a letter notice of claim under the Virginia Tort Claims Act, §§ 8.01-195, et seq., with the Attorney General of the Commonwealth of Virginia. When the Commonwealth refused to acknowledge liability, Virginia Beach then filed this action against the Commonwealth and against Nationwide, the insurer providing automobile liability coverage to the Commonwealth at the time.

On these facts, the demurrer raises the following issues: Agency between Sciortino and the Commonwealth, contribution and indemnification, the statute of limitations under the Virginia Tort Claims Act, and the standing of Virginia Beach to claim indemnity and contribution. For the reasons asserted by defendants, the Court sustains the demurrer and finds that Virginia Beach has not made out legally sufficient claims. The determinative issue in the Court's resolution of this matter is the fallacy in Virginia Beach's position that Sciortino was "acting as an agent of the Commonwealth of Virginia and acting within the scope of his authority as agent for the Commonwealth of Virginia" at the time of the collision. As Commonwealth's Attorney, Sciortino is an elected constitutional officer, and he cannot as a matter of law be an agent of the Commonwealth, generally and under the facts of this case.

## II. *Analysis*

### A. *Agency*

The Constitution and the statutes of Virginia set the position of Commonwealth's Attorney as one of the constitutional officers in this state. *See* Constitution of Virginia, Article VII, § 4; §§ 15.1-40.1 and 15.1-796; Code of Virginia of 1950, as amended. The Courts have determined that the Commonwealth' Attorney is an elected official who owes a duty of loyalty and performance to

the people who elect him in the particular jurisdiction rather than the Commonwealth of Virginia as a whole, *Franklin v. Town of Richland*, 161 Va. 156 (1933). Because of the need for a Commonwealth's Attorney to be able to exercise unfettered discretion in performing his duties, the Commonwealth's Attorney, like the sheriff, is independent of municipal or county and state governments. It follows, then, that these entities can exert no control over the actions of persons elected to and occupying positions as constitutional officers. *Sherman v. City of Richmond*, 543 F. Supp. 447 (E.D. Va. 1982). And while the Court recognizes that Virginia Beach asserts agency not so much because Sciortino is a Commonwealth's Attorney but because of his membership on the Commonwealth's Attorneys' Services and Training Council, a state agency, to which Sciortino was travelling at the time of the incident, there is nothing in traveling to a state agency meeting that makes the traveler, by that act, an actor in the course and scope of employment of the Commonwealth. The exceptions cited by Virginia Beach to the effect that travelling to a place of employment can implicate a principal go to the scope of employment, not agency in general, and therefore are inapposite. *See, e.g.*, 7A Am. Jur. 2d *Automobiles and Highway Traffic*, 708 (1980). What the Court holds is that for these purposes here, and fundamentally, a Commonwealth's Attorney is not an agent of the Commonwealth.

## B. *Indemnity; Contribution*

Because Sciortino was not controlled by the state or subject to its control, the claim of indemnity, based as they are on the City's argument of the agency relationship, also fails because Virginia Beach's exposure on the settlement does not also involve an obligation the Commonwealth can be called upon to assume. *See Hudgins v. Jones*, 205 Va. 495, 138 S.E.2d 16 (1964). The lack of agency deprives Virginia Beach of the predicate for indemnity against the Commonwealth - that the Commonwealth as a matter of justice has a duty to come forward and pay that which it in fairness and right should have paid. As stated above, Sciortino's negligent driving cannot be attributed to the Commonwealth. What is more, Sciortino's

written statement which arguably misled Virginia Beach into making and paying the settlement was not done by or for the Commonwealth, and thus it has no duty and no injustice arises upon which the Commission should now be compelled to come forward and pay an obligation it owes because it as none here.

Virginia Beach's claim for contribution must also be denied. Contrary to Virginia Beach's argument, the Commonwealth and Virginia Beach are not both bound to Deloache by the same circumstances to make them jointly liable and thus create a right of contribution between them. *Laws v. Spain*, 312 F. Supp. 315 (E.D. Va. 1970). The absence of an agency relationship also defeats Virginia Beach's characterization that there is an issue of who has the primary insurance coverage between it and Nationwide. Because Sciortino was not the agent of the Commonwealth at the time the automobile accident does not implicate the Nationwide insurance policy. Under the facts, the Commonwealth is in no wise liable to Deloache. Rather, Virginia Beach's payment on the settlement under its self insurance was a voluntary act to which the Commonwealth and Nationwide are not involved.

### III. *Notice*

Finally, there is the matter of the statutory notice of claim filing under the Virginia Tort Claims Act. Plaintiff is correct in its assessment that the notice is timely because it was filed within six months of the payment of settlement, the time any cause of action may have accrued. Assuming for the moment the claim is a proper one under the Act, which the Court does not decide, there is no claim against the Commonwealth and its insurer because Sciortino was not an agent of the Commonwealth as a matter of law.

Counsel for defendants can prepare an order sustaining the demurrer without leave to amend, noting plaintiff's exceptions to its entry.