# CIRCUIT COURT OF THE CITY OF RICHMOND

Godsey & Son, Inc.

v.

Ash-Gayle, Inc.

Case No. LA-2746-1

BY JUDGE MELVIN R. HUGHES, JR.

April 2, 1996

This matter came on for a hearing on defendant's Demurrer to plaintiff's Amended Motion for Judgment. The authorities governing consideration of a demurrer are well known and will not be stated. Accordingly, for purposes of ruling on the demurrer, the court will take the allegations in the Amended Motion for Judgment as true for the sake of determining whether they state a cause of action.

Plaintiff is a subcontractor involved in site development work. During January, 1995, it was doing such work at a subdivision under contract with the property owner. Plaintiff's contract with the owner required it to "maintain the project site" until its work has been completed and accepted by the property owner. In mid January defendant, also a subcontractor, started working at the site and damaged the property and plaintiff's work there which was in progress at the time. Later, defendant offered to cure all damages it had done to the land in exchange for plaintiff's forbearance from pursuing legal action, which plaintiff accepted. Defendant did not tender the amount agreed upon.

Plaintiff sues in three counts seeking recovery of $10,408.00, the amount it took plaintiff to repair the damage defendant caused. The first count is in negligence, the second breach of contract, the third exoneration. Defendant demurs stating that plaintiff cannot recover because it does not own the real property allegedly damaged, there is no consideration for a contract claim, and exoneration is not applicable.

The court agrees with defendant principally because plaintiff has no ownership interest in the land claimed to have been damaged. There is no

allegation of an assignment from the owner to plaintiff to allow an action for damages to that party's land. For the same reasons, under exoneration, there is nothing alleged that would give plaintiff a right to be reimbursed for having paid that which defendant should be compelled to pay.

For these reasons the demurrer is sustained. Plaintiff shall have leave to amend within twelve days of April 5, 1996, and defendant can file any response within six days of receipt of any amended pleading.

September 16, 1996

This case is before the court again on defendant's Demurrer to plaintiff's Second Amended Motion for Judgment. As there is no appreciable difference between the Amended Motion for Judgment and the Second Amended one which was filed after a demurrer was sustained, the court will again sustain the instant demurrer. This action is taken largely for the reasons assigned on the first occasion.

The facts giving rise to the Second Amended Motion for Judgment are summarized in the court's letter to counsel dated April 2, 1996, and will not be repeated here. Suffice it to say that plaintiff, a subcontractor, has brought suit against another subcontractor for extra work and expenses incurred in curing damages allegedly caused by the defendant to land owned by a third party which both were working on at the time. On the first occasion the court agreed with the defendant on the first demurrer that no causes of action of negligence, breach of contract, and exoneration exist against the other defendant subcontractor for damages to real estate the plaintiff does not own or has an interest in.

As before, plaintiff is not the owner of the real property claimed to be damaged by defendant and therefore has no legal right to be compensated for any alleged damage to the realty.

A contract claim is not made out because plaintiff has not pleaded any consideration that would be valid to support the formation of such contract. In this regard plaintiff alleges that defendant offered to cure all damages it caused to the land and to plaintiff's work in progress at the site in exchange for plaintiff's forbearance from pursuing an action against defendant. However, forbearance to prosecute an invalid, worthless, or unfounded claim is not consideration recognized by law. *Hooff v. Paine*, 172 Va. 481 (1939); *Cushman v. Fitz-Hugh*, 199 Va. 234 (1957). Since plaintiff did not own the property, it had no right to bring an action for damage to it, and therefore the claim is invalid, and there was no consideration for any alleged contract.

The equitable doctrine of exoneration is not applicable. Exoneration is the right to be reimbursed by reason of having paid that which another should be compelled to pay and is generally based upon contract. *American Tobacco Co. v. Transport Corp.*, 277 F. Supp. 457 (E.D. Va. 1967). No legal obligation of the parties to repair the alleged damage has been pleaded. Because plaintiff does not own the land in question allegedly damaged, the defendant has no legal obligation towards plaintiff to repair the property.

For these reasons, the demurrer to the Second Amended Motion for Judgment is sustained, without leave to amend.