### Charlie L. JONES

v.

### MALACO MUSIC.

### No. CIV.A. 3:96–CV–260WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 18, 1998.

Charlie L. Jones, Sumter, SC, pro se.

Robert A. Malouf, Robert A. Malouf, Attorney, Jackson, MS, for Defendant.

### ORDER OF DISMISSAL

WINGATE, District Judge.

Plaintiff Charlie L. Jones filed this lawsuit against the defendant Malaco Music on April 8, 1996. Asserting claims of wilful breach of contract, civil rights violations, intentional infliction of emotional distress, negligence and a claim for punitive damages, plaintiff seeks the grand and precise sum of 5.8 million dollars in damages. Defendant Malaco Music, characterizing plaintiff's lawsuit as frivolous, has filed its motion for summary judgment pursuant to Rule 56(b),[1] Federal Rules of Civil Procedure. Plaintiff opposes the motion and wants his claims addressed by a trier of fact.

The court does not reach defendant's motion for summary judgment. Instead, on its own volition, based upon the material, undisputed facts presented in the defendant's motion for summary judgment and plaintiff's response thereto, this court has analyzed its jurisdictional grant to hear this case, found it wanting, and is persuaded to dismiss this case for lack of subject matter jurisdiction, namely, for the reason that plaintiff's claims fall short of the court's minimum jurisdictional amount of $50,000.00. The court's reasoning is set out below.

### PARTIES AND JURISDICTION

Plaintiff Charlie L. Jones is an adult resident citizen of Sumter County, South Carolina. Defendant Malaco Music is a wholly owned publishing division of Malaco, Inc., a

---

1. Rule 56(b) of the Federal Rules of Civil Procedure provides:

    (b) For Defending Party. A party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

Mississippi Corporation, doing business in Hinds County, Mississippi. This court has purported jurisdiction over this matter pursuant to Title 28 U.S.C. § 1332,[2] insomuch as plaintiff has pleaded in his complaint a matter in controversy which supposedly exceeds $50,000.00, exclusive of interest and costs, and is between citizens of different states.

Plaintiff included in his complaint a claim alleging "civil rights violation," however, as earlier stated, plaintiff invoked this court's jurisdiction under diversity of citizenship. Plaintiff has neither asserted any facts nor any federal statutory citation to show this claim as being federal in character. Hence, this court construes this claim as being nonfederal.

## MATERIAL FACTS

On August 26, 1991, defendant and plaintiff executed a contract entitled "Co–Publishing Agreement" for the composition, "Crazy Over You," which was written by plaintiff. The contract provides in pertinent part that in consideration for giving defendant the "sole, exclusive and unrestricted worldwide right" to, *inter alia*, "administer and exploit the Compositions throughout the world," plaintiff is to receive a pre-determined sum in royalties. Prior to April 1, 1993, defendant sent plaintiff his royalty checks to the address of Rt. Box 207, Dazell, South Carolina 23040. At some point, between the time plaintiff received his last royalty check and April 1, 1993, plaintiff's address changed to 353 Griffin Lane, Sumter, South Carolina. On April 1, 1993, defendant mailed plaintiff a royalty check covering the July/December 1992 royalty period to plaintiff's Dazell, South Carolina address. The check was returned to defendant as undeliverable to plaintiff. Plaintiff never complained to defendant about this matter. Indeed, there was no contact between plaintiff and defendant from 1993 until April 8, 1996, when plaintiff filed the instant lawsuit.

After receiving plaintiff's complaint, which states plaintiff's current address, defendant paid plaintiff all royalties due to plaintiff. Furthermore, defendant continues to send plaintiff's royalty payments to the current address. Plaintiff does not dispute having been paid all the royalties due to him; nor does he dispute that his address has changed.

## JURISDICTION

Although the parties are diverse and plaintiff's complaint requests a sum substantially in excess of the jurisdictional minimum pursuant to Title 28 U.S.C. § 1332, this court is not bound by plaintiff's averment, but may question whether the sum pleaded is grounded in realistic expectation, or is wholly a product of imagination.

■ Federal Courts are courts of limited jurisdiction, possessing only the authority endowed by the United States Constitution and conferred by the United States Congress. *Epps v. Bexar–Medina–Atascosa Counties Water Improvement District No. 1,* 665 F.2d 594, 595 (5th Cir.1982); *Ziegler v. Champion Mortg. Co.,* 913 F.2d 228, 229 (5th Cir.1990) (federal courts are courts of limited jurisdiction); *Marshall v. Gibson's Products, Inc. of Plano,* 584 F.2d 668, 672 (5th Cir.1978) (it is a principle of preeminence in federal jurisprudence that federal courts are courts of limited jurisdiction); *Langley v. Jackson State University,* 14 F.3d 1070, 1073 (5th Cir.1994) (a federal district court is a court of limited jurisdiction, and burden of establishing jurisdiction is on the party claiming it); *Point Landing, Inc. v. Omni Capital International, Ltd.,* 795 F.2d 415, 422 (5th Cir. 1986) (as courts of limited jurisdiction, the federal courts possess no warrant to create jurisdictional law of their own). As a court of limited jurisdiction, this court may question its own jurisdiction. *Burks v. Texas Co.,* 211 F.2d 443, 445 (5th Cir.1954) (questions of federal jurisdiction may be raised at any time by either the court sua sponte or by motion of any interested party); *Broussard v. U.S.,* 989 F.2d 171, 176 (5th Cir.1993) (district court is vested with authority to inquire, at any time, whether conditions to exercise of its subject matter jurisdiction have been

**2.** Title 28 U.S.C. § 1332 states in pertinent part: (a) The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,-

000, exclusive of interest and costs, and is between—
    (1) citizens of different states; .....

met); *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir.1990) (federal courts have a continuing obligation to examine the basis for their jurisdiction; the issue may be raised at any time by the court sua sponte).

█ In a diversity action, such as the instant case, the court, in determining whether it has jurisdiction relative to the amount in controversy, looks to the sum of damages claimed by plaintiff in good faith. *Jones v. Landry*, 387 F.2d 102, 103 (5th Cir.1967); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995) (where plaintiff has alleged a sum certain that exceeds the requisite amount in controversy to establish federal jurisdiction, that amount controls if made in good faith).

█ The standard for determining whether the amount in controversy claimed by the plaintiff is in good faith is the "legal certainty" standard. Under this standard, a case may be dismissed for lack of subject matter jurisdiction only when it appears to a legal certainty that plaintiff's claim is for less than the jurisdictional amount. *Johns–Manville Sales Corp. v. Mitchell Enterprises, Inc.*, 417 F.2d 129, 131 (5th Cir.1969); *Lee v. Kisen*, 475 F.2d 1251, 1252–1253 (5th Cir. 1973) (to justify dismissal of plaintiff's complaint for lack of jurisdictional amount, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount). Although the trial court is vested with the discretion to determine whether a particular claim meets the jurisdictional amount, the standard clearly favors those parties seeking to invoke federal court jurisdiction. *Lee v. Kisen*, 475 F.2d 1251, 1253 (5th Cir.1973). So, while the court is required to give due credit to the good faith claims of a plaintiff, given the intent of Congress in establishing the jurisdictional amount—to make federal court accessible without being abused—this court is under no obligation to accept every claim of damages at face value. *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir.1982). As accurately stated in *Diefenthal*, 681 F.2d at 1052, "[f]ederal jurisdiction is not conferred by the stroke of a lawyer's pen." Rather, a plaintiff must adequately specify the factual basis for his claim of federal jurisdiction in the complaint or accompanying affidavits. *Id.*

## ANALYSIS

█ In the instant case, plaintiff alleges, in general terms, claims of wilful breach of contract, civil rights violations, intentional infliction of emotional distress, negligence and punitive damages all to the tune of 5.8 million dollars. The only specific factual incident alleged is that defendant failed to pay plaintiff royalties in the amount of $896.39 for the period of July/December 1992 which were due to him. So, then, all of plaintiff's general claims grow out of defendant's failure to send plaintiff's July/December 1992 royalty check to plaintiff's correct address. When the envelope addressed to plaintiff's former address containing the check returned to defendant undeliverable, defendant kept the check. Plaintiff never contacted defendant about the check. Defendant says it was unaware of plaintiff's new address, a point which plaintiff disputes. However, plaintiff does not dispute that from the time the check was returned undeliverable to defendant in 1993, he made no attempt to have any contact with defendant until 1996, when he filed the instant lawsuit. Further, plaintiff also does not dispute that once this lawsuit was filed, defendant paid plaintiff all royalties due to him.

To a legal certainty, defendant's act of not sending plaintiff his royalty check of $896.39 to his unknown correct address does not justify a damage claim of the jurisdictional minimum of $50,000, let alone a damage claim of $5.8 million. Plaintiff's royalty check was but $896.39. Plaintiff made no demand for the check, but instead, three years later filed this lawsuit, whereupon he was promptly given the check. Although plaintiff says defendant had his correct address, he does not dispute that he once lived at the address where defendant mailed the check, but that he later moved to a new address.

█ The above material, undisputed facts have been gleaned from the submissions of the parties relative to defendant's motion for summary judgment and plaintiff's response thereto. In this court's eye, plaintiff's factual urgings are wholly insufficient to support any damage award in excess of $50,-000.00, pursuant either to plaintiff's substantive claims, or pursuant to his punitive dam-

ages claim. Under Mississippi law,[3] should plaintiff prevail on any of his substantive claims of breach of contract, intentional infliction of emotional distress and negligence, that is, prove the elements of these claims by a preponderance of the evidence, plaintiff would be entitled to compensatory damages. Any compensatory damages awarded must be reasonable and calculated to make plaintiff whole. *Richardson v. Canton Farm Equipment, Inc.,* 608 So.2d 1240, 1250 (Miss. 1992) ("compensatory damages are such damages as will compensate the injured party for injury sustained and nothing more; such as will simply make good or replace the loss caused by the wrong or injury"); *Mississippi Power Company v. Harrison,* 247 Miss. 400, 424, 152 So.2d 892, 903 (1963) ("in computation of damages, a person is to be made whole, or complete satisfaction is to be made, or he is to recover the value of the property destroyed; it is never contemplated that the injured party should realize a profit from damages sustained"). Punitive damages may be awarded only when the trier of fact is persuaded by a preponderance of the evidence that defendant's actions were wanton, malicious or fraudulent in nature. *Ivy v. General Motors Acceptance Corporation,* 612 So.2d 1108, 1117 (Miss.1992). As earlier stated, plaintiff's factual submissions do not evidence the juridical potency requisite to support any award by a trier of fact in excess of $50,000.00.

## CONCLUSION

As previously stated, this court is a court of limited jurisdiction possessing only that authority bestowed by the United States Constitution and conferred by the United States Congress. As such, in an action where this court's jurisdiction has been invoked under diversity of citizenship, the jurisdictional minimum of $50,000.00 must be met. Here, plaintiff, who has the burden of establishing this court's subject matter jurisdiction on the jurisdictional amount to a legal certainty, simply has not carried this burden. Consequently, this court finds that it lacks subject matter jurisdiction of this action.

**3.** In a diversity action such as this, the court is bound to apply Mississippi substantive law, since no other state has a more significant relationship

Therefore, this cause of action must be dismissed without prejudice.

to the occurrence or the parties. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).