**Dale L. ZIEGLER, Plaintiff–Appellant,**

v.

**CHAMPION MORTGAGE COMPANY, et al., Defendants–Appellees.**

**No. 89–3829.**

United States Court of Appeals, Fifth Circuit.

Oct. 1, 1990.

R. Ray Orrill, Jr., Robert F. Shearman, Orrill & Shearman, New Orleans, La., for plaintiff-appellant.

---

David Havman, Benjamin J. Trombatore, Kenner, La., Peter D. Lepiscopo, San Diego, Cal., for defendants-appellees.

Before GEE, POLITZ and BARKSDALE, Circuit Judges.

GEE, Circuit Judge:

In this diversity case, we raise the issue of subject matter jurisdiction on our own motion. Finding a want of complete diversity and no other basis for jurisdiction in the record, we vacate the judgment of the trial court with instructions to remand the case to the state courts. We do not reach appellant's points of error.

### Facts

In July 1985, appellant Dale L. Ziegler filed suit in Louisiana state court alleging that appellee Champion Mortgage Co. (Champion), J.C. David, J.C. David Enterprises, Inc., and Irving Zeringue were liable for breach of contract, misrepresentation, and negligence. The record indicates that the claims in this action are governed by state law, and for purposes of diversity, the citizenship of the parties is as follows: Mr. Ziegler, Louisiana; Champion, California; Mr. David, Louisiana; J.C. David Enterprises, Louisiana. Champion, Mr. David, and J.C. David Enterprises were served in early August 1985. On August 29, 1985, Champion alone filed notice of removal, which transferred control of the entire case to the Eastern District of Louisiana[1]. Shortly after filing its notice of removal, Champion filed a motion to dismiss for lack of personal jurisdiction; the trial court granted Champion's motion. Subsequently, Mr. Ziegler filed a motion to remand; but the trial court dismissed this motion, reasoning that Champion's earlier dismissal made remand moot. Eventually the trial court entered final judgment with respect to the other defendants; and Mr. Ziegler appeals from that judgment, contending that the trial court committed error by not considering his motion to remand.

### Subject Matter Jurisdiction—a Threshold Inquiry

Federal courts are courts of limited jurisdiction; therefore, we have a constitutional obligation to satisfy ourselves that subject matter jurisdiction is proper before we engage the merits of an appeal. Indeed, the Supreme Court has said that "[a]n appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review." *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934); *see also Warren G. Kleban Eng'g Corp. v. Caldwell*, 490 F.2d 800, 802 n. 1 (5th Cir.1974). Thus, we raise the issue of subject matter jurisdiction on our own motion.

From time immemorial, the Supreme Court has interpreted diversity jurisdiction to require that no party be a citizen of the same state as any opposing party. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). The law is also well settled that the parties cannot waive a want of subject matter jurisdiction. *See Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) (disallowing waiver by express agreement); *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951) (disallowing waiver by estoppel); *Mitchell v. Maurer*, 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338 (1934) (disallowing waiver by silent acquiescence); *Amco Constr. Co. v. Mississippi State Building Comm'n*, 602 F.2d 730 (5th Cir. 1979) (disallowing waiver by estoppel).

In light of the record, we find the issue of subject matter jurisdiction dispositive of this case. Mr. Ziegler is a citizen of Louisiana as are Mr. David and J.C. David Enterprises. Both Mr. David and J.C. David Enterprises are real parties in interest, whose citizenship must be considered. Furthermore, Champion's notice of removal

---

1. The ground of removal is doubtful, the petition referring to the clearly inapplicable 28 U.S.C. § 1442(a) (federal officers) but its content indicating diversity. At all events, the conceivably applicable § 1441(c) is not referenced.

cannot waive a defect in subject matter jurisdiction. For these reasons, complete diversity is lacking; and neither we nor the trial court have ever possessed jurisdiction over this case. For completeness, we note that the record contains no other basis for subject matter jurisdiction and that the doctrines of pendant and ancillary jurisdiction were neither considered by the trial court nor are they applicable to the facts of this case. Accordingly, we vacate the judgment of the trial court, with directions that it remand the case to the state courts. *See Warren G. Kleban Eng'g Corp. v. Caldwell*, 490 F.2d 800, 803 n. 2 (5th Cir.1974).

 Finding the issue of subject matter jurisdiction dispositive, we do not reach Mr. Ziegler's contention that the trial court erred by refusing to consider his motion for remand. We do note, however, that considering a motion to remand is both procedurally and substantively different from inquiring into the existence of subject matter jurisdiction. Procedurally, a court may consider remand only if the parties raise the issue; conversely, a court must consider the existence of subject matter jurisdiction on its own motion. Substantively, the scope of removal jurisdiction can be narrower than that of subject matter jurisdiction. For example, assuming complete diversity is present in an action filed in Louisiana state court, a Louisiana defendant may not remove the action to federal court even though subject matter jurisdiction is proper. Thus, resting as it does on the broader issue of subject matter jurisdiction, our decision today does not affect this Court's holding in *Walker v. Savell*, 335 F.2d 536 (5th Cir.1964).

### Conclusion

Raising the issue of subject matter jurisdiction on our own motion, we find jurisdiction lacking; therefore, we VACATE the judgment of the trial court with instructions that it remand the case to the state courts.

VACATED with instructions.