Alexander H. BANIHASHEMRAD

v.

**LUFTHANSA CARGO AG and Lufthansa Services U.S.A. Corporation.**

No. A 97 CA 521 SS.

United States District Court,
W.D. Texas,
Austin Division.

Aug. 28, 1998.

Brandon W. Beasley, Phillips & Merica, Austin,TX, for Plaintiff.

Alexander H. Banihashemrad, Austin, TX, pro se.

Toby L. Gerber, Jenkens & Gilchrist, Dallas, TX, Mark Schwartz, Jenkens & Gilchrist, Austin, TX, for Defendants.

### ORDER

SPARKS, District Judge.

BE IT REMEMBERED that on the 28th day of August 1998 the Court reviewed the file in the above-styled cause and specifically the Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction [# 26] and the defendant's response thereto; the Defendant's Motion for Summary Judgment and Supporting Memorandum [# 24] and the plaintiff's response thereto [# 28–1]; and the Defendant's Alternate Motion for Partial Summary Judgment on Valuation [# 25] and the plaintiff's response thereto [# 28–2]. After a review of the parties' briefs, the case file, and the applicable law, the Court enters the following opinion and orders.

## I. Background

This lawsuit arises out of the alleged loss of the plaintiff's family heirloom, a valuable handtied, silk, Turkmen rug, at Dallas–Fort Worth International ("DFW") airport in May 1995. On May 19, 1995, the plaintiff traveled on a Lufthansa German Airlines airplane to DFW on the return leg of an international round-trip between DFW and Teheran, Iran.

The plaintiff checked five rugs weighing a total of sixty-nine kilograms as baggage on the flight. After the flight, the rugs were unloaded, and the plaintiff carried them to the appropriate United States Customs location at the airport. The rugs did not immediately clear Customs,[1] and Lufthansa was required to leave the rugs with its agent, Lufthansa Cargo, A.G., in a bonded warehouse in DFW Airport. When the plaintiff's rugs finally cleared Customs, the defendant attempted to deliver five rugs to the plaintiff, but the plaintiff returned one of the rugs, claiming it was not his.

On June 4, 1997, the plaintiff filed suit against Lufthansa Cargo AG and Lufthansa German Airlines in cause number 97–06556 in the 250th Judicial District Court of Travis County, Texas alleging state law claims of conversion, breach of bailment contract, negligence, and violations of the Texas Deceptive Trade Practices Act. Under those causes of action, the plaintiff seeks up to $50,000 compensation from the defendants for the loss of his rug, based on the combined market value and sentimental value. On July 9, 1997, the defendants removed the case to this Court alleging federal question jurisdiction under the Warsaw Convention and, alternatively, diversity jurisdiction. The defendants argue that under the applicable limitation of liability provision of the Warsaw Convention, the defendants' liability is limited to a maximum of $1,380.

On June 30, 1998, the Court entered an order granting an agreed motion to dismiss Lufthansa German Airlines as a defendant, leaving Lufthansa Cargo as the sole defendant. On July 30, 1998, the plaintiff filed a motion to remand, alleging there is no federal question jurisdiction because the Warsaw Convention is inapplicable, and on August 14, 1998 Lufthansa Cargo filed a response thereto. Lufthansa Cargo has filed a motion for summary judgment arguing the Warsaw Convention sets a maximum level of liability and an alternative motion for summary judgment on the issue of valuation. The plaintiffs have filed a response to both motions for

1. The Customs agents on duty were unsure whether the rugs were Iranian rugs that were not allowed to be imported, and the Customs agent who ultimately verified that the rugs were not Iranian was not on duty at the time.

**1016**

summary judgment, and Lufthansa Cargo has filed a reply thereto.

## II. Analysis

Although it is perplexing that the plaintiff has filed his motion to remand a year after removal, this Court must grant the motion to remand if there is no subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.") (emphasis added). The plaintiff alleges this Court has no subject matter jurisdiction because the amount in controversy is insufficient to support diversity jurisdiction,[2] and there is no federal question jurisdiction because the Warsaw Convention, an international treaty[3] which Lufthansa Cargo argues governs this case, is not applicable based on the facts before the Court.

A federal court is a court of limited jurisdiction, and it is always incumbent on a district court to determine jurisdiction in every case. *See* 28 U.S.C. § 1447(c); *Ziegler v. Champion Mortgage Co.,* 913 F.2d 228, 230 (5th Cir.1990) (holding that federal courts may remand for lack of subject matter jurisdiction at any time *sua sponte* ). As the removing party, the defendants bear the burden of establishing the existence of federal jurisdiction. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.), *cert. denied,* 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995). Removal cannot be based simply on the fact that federal law may be referred to in some context of the case—if a claim does not "arise under" federal law, the case is not removable to federal court. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 812, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986).

The general test to determine federal question jurisdiction under 28 U.S.C. § 1331 is the well-pleaded complaint rule, which states that federal question jurisdiction must appear on the face of the com-

plaint. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 12, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). This makes the plaintiff the master of his or her complaint. *See Willy v. Coastal Corp.,* 855 F.2d 1160, 1167 (5th Cir.1988). But this mastery over the complaint is limited by the artful pleading doctrine, which states that a plaintiff may not avoid federal question jurisdiction by cloaking a clearly federal cause of action in terms of state-law language. *See, e.g., Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 366 (5th Cir.1995).

Lufthansa Cargo argues the plaintiffs' state law claims merely cloak a claim covered by the express terms of the Warsaw Convention. The Warsaw Convention is a multinational treaty governing international travel by air. The United States is a party to the Convention and is therefore bound by it. The Convention states:

(1) The carrier shall be liable for damage sustained in the event of the destruction or loss of, or of damage to, any checked baggage or any goods, if the occurrence which caused the damage so sustained took place during the transportation by air.

(2) The transportation by air within the meaning of the preceding paragraph shall comprise the period during which the baggage or goods are in charge of the carrier, whether in an airport or on board an aircraft, or, in the case of a landing outside an airport, in any place whatsoever.

Convention for Unification of Certain Rules Relating to International Transportation by Air, concluded Oct. 12, 1929, art. 18, 49 Stat. 3000, T.S. No. 876 (1934), *reprinted in* 49 U.S.C. § 40105 note (hereinafter "Warsaw Convention"). The Convention further provides,

In the transportation of checked baggage and of goods, the liability of the carrier shall be limited to a sum of 250 francs per kilogram, unless the consignor has made, at the time when the package was handed over to the carrier, a special declaration of

**2.** It is clear the defendants offer no evidence that the plaintiff seeks in excess of $75,000 as required to establish diversity jurisdiction under 28 U.S.C. § 1332.

**3.** "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

the value at delivery and has paid a supplementary sum if the case so requires. Warsaw Convention, art. 22(2). This limitation in American dollars is deemed to be $9.07 per pound, or $20.00 per kilogram, for checked baggage. 14 C.F.R. § 221.176; *See also Trans World Airlines v. Franklin Mint Corp.*, 466 U.S. 243, 104 S.Ct. 1776, 1784, 80 L.Ed.2d 273 (1984).

Therefore, this Court only has subject matter jurisdiction over this case if the Warsaw Convention is applicable; otherwise, the case must be remanded. Furthermore, if the Warsaw Convention applies, this Court not only has jurisdiction, but the plaintiff's liability is limited to $9.07 per pound, or $20.00 per kilogram, of luggage.[4] Therefore, the analysis of whether the Warsaw Convention governs determines whether this case will be remanded or whether summary judgment will be granted to the defendants. Rule 56(c) of the Federal Rules of Civil Procedure provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."

The parties agree the dispositive issue is whether the rug was lost during "transportation by air." Of course, they disagree on the answer. It is undisputed that after disembarking the plane, the plaintiff temporarily took possession of his rugs and took them to Customs; the rugs did not clear Customs; the rugs were thereafter stored in Lufthansa Cargo's bonded warehouse; and the alleged loss of the rug occurred after the rug was turned over to the bonded warehouse and before it finally cleared Customs.

■ The plaintiff and Lufthansa Cargo both cite cases from other federal districts in the 1970s in support of their arguments, but the Court does not find them particularly persuasive, and they are certainly not binding. According to the unique facts of this case, the Court will apply the plain language of the Warsaw Convention, keeping in mind

that the terms of the Convention "must be construed broadly in order to advance its goals." *Potter v. Delta Air Lines, Inc.*, 98 F.3d 881, 885 (5th Cir.1996). The term "transportation by air" includes the period when the checked rugs were in "charge of the carrier, whether in an airport or an aircraft." Warsaw Convention, art. 18(2). It is undisputed the goods were placed in a bonded warehouse *in the airport*. Therefore, the sole issue is whether the rugs were in the "charge of the carrier" between the time they failed to pass Customs and the time they finally cleared Customs.

The plaintiff argues his rugs were outside the "charge of the carrier" as soon as he took possession of them after he disembarked. Lufthansa Cargo argues the rugs did not leave the "charge of the carrier" because they had not made it through Customs. The plaintiff further argues Lufthansa Cargo is a separate entity from Lufthansa German Air Lines, which is the carrier, and that he left his rugs with Lufthansa Cargo as part of a bailment contract completely separate and apart from his relationship with the carrier. However, it is clear that Lufthansa Cargo, although a subsidiary of Lufthansa German Airlines, acted as the agent of Lufthansa German Airlines in providing the bond warehousing for cargo carried on the airline which failed to pass Customs.

■ Lufthansa Cargo's function is in furtherance of the contract of carriage, meaning Lufthansa Cargo is covered as a "carrier" under the Warsaw Convention. In an analogous situation in a case dealing with a well-known tragedy, the Eastern District of New York reasoned, "If Pan Am had not arranged for Alert to provide security services, it would have been bound by federal law to have provided those same services." *In re Air Disaster at Lockerbie, Scotland on Dec. 21, 1988*, 776 F.Supp. 710, 714 (E.D.N.Y. 1991). By the same logic, if Lufthansa German Airlines had not arranged for Lufthansa Cargo to provide Customs bonded warehousing services, it would have been bound by

---

4. If the plaintiff's claims are in conflict with the Warsaw Convention, they are invalid. *Boehringer–Mannheim Diagnostics, Inc. v. Pan American World Airways, Inc.*, 737 F.2d 456, 459 (5th Cir. 1984).

federal law to provide those services. *See* 19 U.S.C. § 1488(a) ("[U]nentered . . . baggage shall be the responsibility of the . . . person in charge of the importing vessel, or agent thereof, until removed . . . ."). Other federal courts have agreed that agents of the carrier who act in the scope of carriage are "carriers" for the purpose of the Warsaw Convention. *See, e.g., American Home Assurance Co. v. Jacky Maeder [Hong Kong],* 969 F.Supp. 184, 191 (S.D.N.Y.1997) ("It is fairly well established in this Circuit that the agent of an air carrier may claim the limitation of liability provisions found in the Convention."); *Kabbani v. International Total Servs.,* 805 F.Supp. 1033, 1040 (D.D.C.1992) ("Nothing in the Convention indicates that carriers may escape either the treaty's liability obligations or its limitations simply by contracting out their liability."); *Jaycees Patou, Inc. v. Pier Air Int'l,* 714 F.Supp. 81, 83–84 (S.D.N.Y.1989) (holding that the Warsaw Convention applies even when baggage is harmed after leaving the airline's possession and is in the charge of a ground freight carrier). An agent such as Lufthansa Cargo, which provides a Customs warehousing function necessary to the carriage of international cargo, is therefore in furtherance of the contract for carriage and deemed a "carrier" for purposes of the Warsaw Convention.

▪ It is not dispositive of the "in charge of the carrier" issue that the plaintiff had actual possession of the rugs for a period of time within the airport while delivering them to Customs because the "carrier" still had constructive possession of the rugs at that time.[5] Under Customs law, the plaintiff was not legally able to exercise possession of the rugs in any meaningful way. He could not take them from the airport until they cleared Customs. The primary party responsible for the possession of the rugs was still the "carrier." The fact that the rugs were kept with an agent of the airline until they cleared Customs does not take them out of the "charge" or "possession" of the carrier because the agent of the airline is deemed to be a carrier.

Because the Warsaw Convention applies, this Court has subject matter jurisdiction, and the motion to remand is denied. Under the Warsaw Convention, Lufthansa Cargo's liability is limited to $20.000 per kilogram, or $1,380.00 for the 69–kilogram rugs checked by the plaintiff. As the defendant has stipulated that the plaintiff should be granted recovery in accordance with the Warsaw Convention of $1,380, judgment will be rendered for an award of that amount.

Because the defendant's motion for partial summary judgment on the issue of valuation asserts the value of the rug should be limited to $1,300 as a matter of law, that motion is not necessarily moot because it would limit the plaintiff's recovery by another $80. However, that motion will be denied because fact issues remain, such as the sentimental (as opposed to market) value of the rug, whether the plaintiff exercised good faith in declaring $1,300 and later became aware of the higher value, and other issues. Therefore, the motion for partial summary judgment on the issue of valuation is denied.

Accordingly, the Court enters the following orders:

IT IS ORDERED that the plaintiff's motion to remand [# 26] is DENIED;

IT IS FURTHER ORDERED that the defendant's motion for leave [# 33] is GRANTED and the defendant's reply to the response to the motions for summary judgment and the motion to strike portions of the plaintiff's summary judgment evidence shall be FILED by the Clerk of Court;

IT IS FURTHER ORDERED that the defendant's motion to strike portions of the plaintiff's summary judgment evidence is DENIED;

IT IS FURTHER ORDERED that Lufthansa Cargo's motion for summary judgment [# 24] is GRANTED;

IT IS FURTHER ORDERED that Lufthansa Cargo's alternative motion for partial

---

**5.** An analogous situation would be a passenger holding carry-on luggage in his lap as a plane is flying over the Pacific Ocean: although the passenger would be exercising direct possession of the luggage, the luggage would still be in the constructive possession or "charge" of the carrier for purposes of the Warsaw Convention.

summary judgment on the issue of valuation [# 25] is DISMISSED AS MOOT; and

IT IS FINALLY ORDERED that the plaintiff shall have and recover against Lufthansa Cargo the sum of $1,380.00, for which let execution lie.