**RUE ESPLANADE UNIT OWNERS ASSOC., INC.**

v.

**INTERVAL INTERNATIONAL, INC.**

No. CIV.A. 03–3560.

United States District Court, E.D. Louisiana.

Jan. 26, 2004.

Gregory Kenneth Voigt, Lawrence & Olinde, New Orleans, LA, for Rue Esplanade Unit Owners Association, Inc., plaintiff.

Mark Raymond Beebe, Elizabeth N. Anderson, Peter M. Mansfield, Adams & Reese, New Orleans, LA, for Interval International, Inc., defendant.

## ORDER AND REASONS

LEMMON, District Judge.

**IT IS HEREBY ORDERED** that Rue Esplanade Unit Owners Association, Inc.'s "Motion to Remand" is **GRANTED**, and the case is **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana. (Document # 5.)

### I. BACKGROUND

Rue Esplanade Unit Owners Association, Inc. (Rue Esplanade) filed a petition for writ of injunction and for damages in Civil District Court for the Parish of Orleans, State of Louisiana, against Interval International, Inc. (Interval), alleging fraud and unfair trade practices under Louisiana law. Intervals is a Florida trading corporation that allows owners of time share units to trade their weeks at a variety of resorts in the United States and worldwide. Rue Esplanade is an association of owners of time-share units at Rue Esplanade, located at 627–633 Esplanade Avenue in New Orleans, Louisiana. Rue Esplanade contracted with Interval for the exchange of accommodations between Rue Esplanade owners and members of the Interval network.

Rue Esplanade alleges that, in March 2003 and again in November 2003, Interval began blocking reservations of Rue Esplanade's members and stopped all incoming bookings to Interval from Rue Esplanade's members. Interval also selectively allowed some of Rue Esplanade's owners to

join while denying membership to other owners, claiming falsely that it was Rue Esplanade that would not confirm the owner's membership in Rue Esplanade's resort. On November 12, 2003, Interval removed Rue Esplanade's listing from its website without notice, resulting in decreased bookings for Thanksgiving, Christmas, New Years, and Sugar Bowl. The website, which is maintained by Interval in order to promote the resort, generates approximately $45,000 in revenue to Rue Esplanade.

On December 20, 2002, Interval confirmed a reservation for one of its members at Rue Esplanade's resort during Mardi Gras. In spite of timely objection by Rue Esplanade, Interval permitted the guest/member to travel to New Orleans. The guest/member damaged the physical structure of Rue Esplanade's resort and made personal threats of violence to the management and staff. Rue Esplanade had to close its reservation office for several days, because of the severity of the threats, until the guest/member left the city.

Rue Esplanade alleges that Interval has caused damage to Rue Esplanade's reputation by systematically suppressing Rue Esplanade's rating and disseminating false and damaging information about the condition of Rue Esplanade's units and the management staff. Moreover, Interval has failed to provide Rue Esplanade's owners with accommodations of equal quality in making its trades. These actions have caused Rue Esplanade's owners to deny Rue Esplanade its contractually agreed maintenance fees.

Interval removed the case to federal court based on diversity jurisdiction. Rue Esplanade filed a motion to remand the case to state court for lack of subject matter jurisdiction.

## II. DISCUSSION

Rue Esplanade contends that the defendant has failed to show that all of its claims, if proven, meet or exceed $75,000. As courts of limited jurisdiction, federal courts may adjudicate a case or controversy only if there is both constitutional and statutory authority for federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). The appropriate course is to examine for subject matter jurisdiction constantly and, if it is found lacking, to remand to state court if appropriate, or otherwise dismiss. *See Ziegler v. Champion Mortgage Co.*, 913 F.2d 228, 229 (5th Cir.1990). "District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity between all parties." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999) (citing 28 U.S.C. § 1332). The removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.*

The court finds that the defendants have not carried their burden of showing that the jurisdictional amount is present. Rue Esplanade states that it did not make a claim for $45,000 and that the passage in the complaint "merely estimated the volume of travel bookings at the plaintiff resort that have historically been generated by plaintiff's website" and alleged a reduction in bookings. Further, Rue Esplanade points out that the contract with Interval includes a liquidated-damage clause that limits liability to $5,000. Rue Esplanade adds that, although it values its reputation, "it is legally certain that a trier of fact would not place that value near the jurisdictional amount necessary."

Accordingly, the court lacks subject matter jurisdiction, and the case is re-

manded to Civil District Court for the Parish of Orleans, State of Louisiana.